## Banks, etc. v. Cornelison, etc.

(Decided September 29, 1914.)

### Appeal from Madison Circuit Court.

Wills—Devise of Wife to Husband—Death of Husband Before Wife —Descent to Child—Construction.—Where the wife d'evised property to the husband, but he died before her, their infant child took the devised estate as the devisee would have done had he survived the testatrix, and the infant taking as devisee of his· mother's will, under the terms of section 1401 of the Kentucky Statutes, it descends to the heirs at law of his mother.

GRANT E. LILLY for appellants.

BURNAM & BURNAM and CHENAULT, WALLACE & WALLACE for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Benjamin Lindsey Banks, Jr., died in infancy and without issue, having title to a house and lot worth about $8,000 in the city of Richmond. It came to him by devise, or by descent from one of his parents. This is a contest between his paternal grandparents, who were the plaintiffs below and appellants here, and the appellees, who are the brothers and sisters of his mother. The appellants claim that the child took the property by descent from his father, while the appellees claim

that the child took it by devise, or as a substituted devisee, under the will of his mother, and, in that way, each side relies upon Section 1401, of the Kentucky Statutes, which is as follows:

"If an infant dies without issue, having the title to real estate derived by gift, devise or descent from one of his parents, the whole shall descend to that parent and his or her kindred as hereinbefore directed, if there is any, and if none, then in like manner to the other parent and his or her kindred; but the kindred of one shall not be so excluded by the kindred of the other parent, if the latter be more remote than the grandfather, grandmother, uncles and aunts of the intestate and their descendants."

The appellees, who are the brothers and sisters, and the only heirs-at-law of the child's mother, also rely upon Section 4841 of the Kentucky Statutes, which is as follows:

"If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will."

In order to test the application of these two Statutes, it is necessary here to state the facts as set forth in the petition. The appellees, who were defendants below, demurred to the original and amended petitions. The demurrers were sustained and the plaintiffs refusing to plead further, the action was dismissed, hence the appeal.

From the petition, it appears, that this infant, Benjamin Lindsey Banks, Jr., was the only child, and that his father was named Benjamin L. Banks, Sr., and the mother was named Pattie Cornelison Banks. Some time during the day (November 9, 1913) the father died. About two hours later on the same day, the mother died. Then, in about two hours of the same day, the infant son died. Just how a whole family died in a single day is not explained, and we are left to surmise whether the causes of death were due to accident or otherwise. The petition, confining itself to the material facts, shows that the mother, at the time of her marriage, owned, in fee simple, a vacant lot in Richmond, and that after the marriage the young husband and wife

desiring to have a home, agreed that each would contribute approximately equal amounts with which to build a house on the wife's vacant lot. In this way the house was built, costing about $8,000, and to the expense of which the husband contributed something more than $4,000. The petition further recites that the husband contributed to this expense on condition, and under agreement with the wife that she would make a will devising the house and lot to him in fee simple, and that pursuant to the agreement, she did make the will, and, as the petition alleges, delivered it to her husband, and he had the will in his custody at the time of his death.

Appellants contend that the will should be construed as a deed of conveyance, and considered effective from the time it was made and delivered to the husband, rather than effective at her death. We are unable to concur in this view of the case. Accepting, as we must, all the allegations as true, the wife merely agreed to make a will devising the property to her husband and for that reason he contributed to the expense of the house with the expectation that, under the will, it would become his in the event he outlived his wife. The wife made the will, and in that way complied with her agreement, and had she died first, the will would have been effective, and vested the property in him, but as he was the first to die, and being the only devisee named in the will, it becomes a case for the application of section 4841 of the Statutes, where it is provided that the issue of a dead devisee shall take the estate devised, as the devisee would have done had he survived the testator. It should be explained here that the will made no provision for a lapsed devise, or attempted any other disposition of the estate.

The appellants raise the question at this point as to whether this infant child, under this section, takes the property as the heir-at-law of his father or as the devisee, that is, substituted devisee, of his mother, under the Statute.

The case of Carson v. Carson's Exr., 1 Met., page 300, having under consideration what is now section 4841 of the statute, decides the question in the following language:

"It seems to us that there can be no doubt or difficulty as to the proper construction and effect of these statutes. In the cases provided for in both the sections,

the surviving issue take the estate devised, not as heirs at law or distributees of the deceased devisee, but as legatees, directly and immediately, under and by virtue of the will. They take 'as the devisee or legatee would have done if he had survived the testator,' the effect of which is to confer upon the surviving issue the same estate and interest under the will as if the devise or bequest had been directly to them, instead of their father.''

This ruling has been followed by this court in the case of Chenault, Gdn. v. Chenault's Exr., 88 Ky., page 83; Thompson v. Myers, 95 Ky., page 597. See further 40 Cyc., page 1508; Pinnel v. Metzemann, 183 N. Y., 194; Am. and Eng. Ann. Cases, volume 5, page 239.

Applying this rule of law to the facts of this case, it follows that the infant child took this property as the devisee of his mother's will. Under the terms of section 1401 of the Statute, it, therefore, descends to the kindred of the mother, that is, to her heirs at law, who are the appellees here.

The judgment of the lower court being to this purpose it is affirmed.