## Thurmond v. Thurmond.

(Decided February 22, 1921).

### Appeal from Boyle Circuit Court.

1. Wills—Limitation Over.—A limitation over, after the grant of a fee simple estate is void.

2. Wills—Restraint Upon Alienation.—After a devise of a fee simple estate, an attempt to restrain its alienation, during the entire life of the devisee is void.

3. Wills—Presumption Against Intestacy.—The presumption against intestacy, partial or whole, is not indulged, nor can the rule which favors the vesting of estates be invoked, when overcome by the plainly expressed intent of a testator to do otherwise.

4. Wills—Intention of Testator.—The character of an estate devised to a devisee, by a will must be determined by an ascertainment of the intention of the testator, which must be arrived at, by a consideration of the entire will, and effect must be given to every part of it, where it is possible to do so.

5. Wills—Limitation Over.—A limitation over after a life estate is valid, and where a life tenant is granted the power to dispose of the property a valid limitation over may be made of any of the

estate which may remain undisposed of at the death of the life tenant.

CHAS. C. FOX for appellant.

CLARENCE WOOD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

The appellant, Amelia R. Thurmond, who previous to her marriage was Amelia I. Robards, sought by this action a construction of the last will and testament of her mother, Mary D. Robards, and therein insisted that under the terms of the will she was devised the fee simple in a certain farm, which she has since sold, as authorized by the will, and invested the proceeds in the purchase of another farm, and that she is now owner with a fee simple title of the latter farm. The court adjudged that the will devised to her a life estate only in the farm mentioned in the will, with the power to sell and convey same, but was required to reinvest the proceeds of the sale in other real estate, to be held by her as a home, upon the same terms under which she held the farm which she sold, and that the purchaser from her of the farm was required to see that the purchase money paid by him was so applied, and that the remainder interest in the farm was owned by her infant son, William Hunton Thurmond, and such other children as may be hereafter born to her, if any, but if such son or any other child, which may hereafter be born to her, should die in the lifetime of the mother, his or their interest would be defeated. From this judgment she has appealed and the one question for determination is the nature of the estate which was devised to her by the will.

The testatrix after, by the first clause of the will, having directed the payment of any debt which she might owe, and her funeral expenses, made a disposition of her property by the second clause of the will which is as follows:

"Item 2nd. I give and bequeath all of the residue of my real and personal property to my beloved daughter, Amelia I. Robards, which consists of a farm in Boyle county and bank stock and other property. She is to hold and have said farm, so that she may never be without a home, she may sell the same, but if she does so she and the purchaser will be required to *revest* the proceeds at

the sale of same in other real estate, to be held by her as a home, it being my purpose to secure for her in real estate a home and a support out of same, so long as she lives, at her death said real estate shall go and pass to any children she may have living at her death and she shall have the entire use and income from said real estate.''

The remaining clause of the will provided for the appointment of an executrix and nothing more.

The contentions made for appellant are that the first sentence of the second clause of the will devised to her the unqualified fee in the farm, and therefore the remainder of the clause is to be regarded as void, because it is an attempt to qualify the fee and to lessen the estate already devised to her, and, also, contains an attempt to create a limitation over to her children of an estate in remainder, when the entire estate having been devised to her there was nothing to limit over. It is also contended that the clause after the first sentence is void, because it is an attempt to impose an unreasonable restraint upon her power of alienation of the fee devised to her, as she is by the terms of the clause restrained from alienating the farm during her entire lifetime, except for the purpose of re-investing the proceeds arising from a sale of it in other lands to be held upon the same terms. There could be no doubt of the soundness of these contentions, if the will, in fact, devised to appellant the land in fee simple. In such case there could be no estate to be limited over upon a fee as a fee simple is the entire estate and when given there is nothing further to be given, and the familiar principle that a limitation after a fee simple is void, would control the construction of the will. Close's Adm'r v. Close, 118 S. W. 980; Williams, et al. v. Neal's Guardian, 105 S. W. 951; Trustees, etc. v. Mize, 181 Ky. 567; Nelson, et al. v. Nelson, etc., 140 Ky. 410; Barth v. Barth, 38 S. W. 511; Becker v. Roth, 132 Ky. 429; Radford v. Fidelity, etc., 185 Ky. 453; Dills v. Adams, 19 K. L. R. 1169; Irvin v. Putnam, 89 S. W. 581. Likewise if appellant was devised the fee in the land, she might properly be restrained from alienating it for a reasonable period of time, but an attempt to restrain its alienation by her during her entire lifetime would be an unreasonable restraint and repugnant to the ownership of a fee, and therefore void. Harkness v. Lisle, 132 Ky. 767.

The above principles must be accepted as sound in any state of case to which they are applicable, but, neith-

er is applicable, if the estate devised to appellant was a mere life estate in the land, instead of a fee, as contended. The question, which arises first, in every case, is whether the estate devised to the first taker is a fee or a life estate, and this must first be determined before the principles, which apply can be invoked. Plaggenborg, et al. v. Molendyk's Adm'r, 187 Ky. 509. This determination must be made from an ascertainment of what the maker of the will intended upon that subject, and the intention of the maker of the will can be ascertained only from a consideration of the entire instrument. All rules of construction must give way to this primary principle. Adair v. Adair, 3 K. L. R. 857; Howard v. Cole, 124 Ky. 812; Diiggs v. Plunkett, 32 K. L. R. 390; Cook v. Hart, 135 Ky. 650; United States, etc. Company v. Douglas' Trustee, 134 Ky. 374; Barber v. Baldwin, 138 Ky. 710; Ferran & Co. v. Fidelity Trust Co., 138 Ky. 70; Watkins v. Bennett, 170 Ky. 469; Anderson v. Hall, 80 Ky. 91; Bayless v. Prescott, 79 Ky. 252; Buschmeyer v. Klein, 139 Ky. 124; Thackston v. Johnston, 84 Ky. 210; Carroll v. Cave Hill Cemetery Co., 172 Ky. 111; Harding v. Harding, 170 Ky. 740; Radford v. Fidelity, etc. Co., 185 Ky. 460. In construing a will it is likewise imperative to give effect to every part of it and every provision of it, if it is possible to do so. Deskins v. Williams, 32 K. L. R. 539; Allen v. Allen, 32 K. L. R. 1157; Patrick v. Patrick, 135 Ky. 307; Duncan v. Berry, 142 Ky. 178; Morse v. Cross, 17 B. M. 735; Coates v. L. & N. R. R. Co., 92 Ky. 263; Peynardo v. Peynardo, 82 Ky. 52. All the clauses of a will relating to the same subject must be considered together in determining the testator's intention. Loy v. McClister, 141 Ky. 800; Duncan v. Berry, *supra*. How much more imperative it must be in arriving at the intention of a testator that all the sentences of the same clause of a will should be read and considered together, especially where there is but one clause of the will which relates to the subject under consideration and the language of that clause relates solely to the disposition of her real and personal property?

With the above seasoned principles in view, we conclude that the testatrix intended to devise her entire personal estate to appellant, absolutely and in fee simple. She expressly says so in the first sentence of the second clause of her will, and nowhere undertakes to limit or modify the devise. By the same sentence, if it stood

alone and without any further provisions in regard to the estate devised to the appellant, there would be an absolute devise in fee of the farm, but the testatrix did not intend that that one sentence should contain all the conditions and limitations of the gift. She immediately follows the first sentence in the same clause with language by which she explains and declares what she means and intends by the language of the first sentence. If she intended to devise the fee in the lands, as she did her personal estate, it was unnecessary to say more than was said in the first sentence, but what immediately follows is as if added by way of proviso, or other proper method of statement by which to describe the gift she had made, and surely all she said relating to the same subject and in the same clause must be considered together. Any other view would be repugnant to the usual and customary manner of expressing purposes and intentions in language and would set up an arbitrary rule for construction, which would as often defeat the intentions of a testator as it would give them effect. By the remainder of the clause the testatrix in effect says that what I meant and intended by what I said in the first sentence, so far as it relates to the farm, is that the appellant shall hold and have said farm "and shall have the entire use and income" from it, "so long as she lives" but "at her death said real estate shall go and pass to any children she may have living at her death." The appellant is also empowered to sell the farm and convey the title, but not absolutely, but upon condition that the proceeds are invested in real estate to be held upon the same terms, and the purchaser must look to the application of the proceeds. The reasons given for the disposition is the desire of the testatrix to provide appellant with a home and support "as long as she may live," together with the purpose, that at the death of appellant the land should pass to such children as she might then have living. To accede to the construction contended for by appellant would necessarily require that all that is said by the testatrix, touching her intentions in regard to the land, should be ignored, except what is contained in the first sentence, which she uses. We know of no rule which would justify this, unless from a consideration of the entire will, it appeared that the testatrix intended to devise to appellant a fee simple estate and not a life or lesser estate. When all of the second clause is read and considered together, and the effect intended is given to each part of it, it is clear that

the appellant was devised a life estate, only, in the farm with remainder over to her children who might be living at the time of her death.

It is insisted, that, if it is held, that the appellant has only a life estate in the farm with the remainder interest limited over to such children, as she may have living at her death, the interest of the child or children, in enjoyment, depending upon the contingency of their outliving the mother, that in the event of the death of the life tenant without any children then living, who could take the remainder, there would be a failure to dispose of the entire estate by the will, contrary to the presumption indulged, when one makes a will, and for such reason it should be held that a fee was devised to the first taker, under the rule that the law favors the vesting of estates, and when a will is made, a presumption against intestacy, is indulged and hence when a will is susceptible of two constructions, that should prevail which disposes of the entire estate. There is no doubt that such principle may be properly invoked where the susceptibility of two constructions exists. Howard v. Cole, 124 Ky. 812; Wood v. Wood, 127 Ky. 114; Newcomb v. Fidelity Trust Company, 33 K. L. R. 41; Deppen v. Deppen, 132 Ky. 755. This rule, however, is a rule of construction only, and can be invoked only to aid the interpretation of a will where the intention of the testator is conveyed in uncertain and ambiguous terms, and has no place where the presumption against partial intestacy is overcome by the plainly expressed intention of the testator to do otherwise, as exists in the will under consideration, or is necessarily implied from the language made use of. Walter v. Neafus, 136 Ky. 756; Watkins v. Watkins, 120 S. W. 341; Thomas v. Thomas, 33 K. L. R. 700; Hackney v. Tucker, 121 S . W. 417. There is no ground upon which it can be successfully contended that the will in the instant case is susceptible of any construction, except that it gives to the first taker a life estate and no more, and limits the remainder interest over to the children of the first taker who may be alive at her death.

The estate devised to appellant being a life estate, the limitation over of an estate in remainder to her children is a valid one. Where a life estate, only, is given, although with a power of disposition in the life tenant, a limitation over of such of the devised property as should remain undisposed of at the death of the life tenant is

valid. The principle that a limitation over after a gift of a fee simple is void, but that a limitation over after a life estate is valid, is illustrated in its various applications, not only by the cases heretofore cited, but by the following: Phelps v. Stoner's Adm'r, 184 Ky. 466; Commonwealth v. Stoll's Adm'r, 132 Ky. 237; Clay v. Chenault, 108 Ky. 77; Dulaney v. Dulaney, 25 R. 1659; Ball v. Hancock, 82 Ky. 107; Mitchell v. Campbell, 94 Ky. 347; Moore v. Webb, 2 B. M. 282; Lee v. Moore, 93 S. W. 911; McCullough's Adm'r v. Anderson, 90 Ky. 126; Pedigo's Ex'tr v. Botts, 28 R. 196; Payne v. Johnson, 95 Ky. 175. Hence, the limitation over in the instant case is valid and it is unnecessary to determine upon this appeal the character of estate taken by the remaindermen, but suffice it to say that only such children of the life tenant, as may be alive at her death, will be capable of taking the remainder.

The judgment so far as it adjudges that appellant has a life estate only in the farm with the power to sell it and to reinvest the proceeds in other real estate, under the conditions prescribed by the will, and to be held upon similar terms, is therefore affirmed.