# DECISIONS

## OF THE

# Court of Appeals of Kentucky

### Gilligan v. Louisville & Nashville R. R. Company.

(Decided February 14, 1922.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1.  Wills—Abridgment.—When a testator in a separate paragraph makes an absolute disposition of his property to his wife, he can not thereafter in the same testamentary paper abridge or limit the gift to his wife by providing that at her death all the estate remaining "be given to my daughter to be hers absolutely."

2.  Wills—Abridgment.—After a devise of a fee estate the testator has no power to limit or abridge it.

3.  Wills—Devise to Wife—Construction.—Where a will provides "all the rest and residue of my estate real, personal and mixed, I give and bequeath to my wife, Ann Gilligan," and in a subsequent paragraph provides "that at the death of my wife, Ann Gilligan, I desire that all the estate remaining be given to my daughter, Mary, to be hers absolutely," by giving all of the rest and residue of his estate, to his wife to be hers absolutely, there was no estate left which the testator could devise to his daughter, Mary, but such propery passed under the will of the wife.

MATT O'DOHERTY for appellant.

B. D. WARFIELD and BRUCE & BULLITT for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was brought in the Jefferson circuit court by appellant, Mary Gilligan, to enforce a written contract.

made by her with the L. & N..Railroad Company, whereby she obligated herself to sell and convey to said company, and the said company agreed to purchase from and pay for, upon certain conditions, two certain lots in the city of Louisville. She prepared and tendered to the company a general warranty deed sufficient in form to convey a perfect title, but the railroad company refused to accept the deed or to pay the purchase price because upon examination of the title of appellant, Gilligan, it was convinced that she was not the possessor and holder of the fee to the lots. She claims title to the land under devise from her father, Edward Gilligan, who died in 1910 after having executed his will, since probated, wherein he made the following provisions:

"I, Edward Gilligan, being of sound mind and disposing memory, do hereby make this my last will and testament.

"1st. I desire that all my just debts and funeral expenses be paid.

"2nd. I give and bequeath to Father D. O'Sullivan fifty ($50.00) for masses for the repose of my soul.

"3rd. I give and bequeath to my daughter, Mary, three hundred dollars ($300.00), being amount advanced to me by her.

"4th. I give and bequeath to my daughters, Sarah and Susan, five dollars each.

"6th. All the rest and residue of my estate, real, personal and mixed, I give and bequeath to my wife, Ann Gilligan.

"7th. At the death of my wife, Ann Gilligan, I desire that all the estate remaining be given to my daughter, Mary, to be hers absolutely.

"8th. In case my wife, Ann Gilligan, should marry, I desire that she receive only one-third of my estate, the balance to go to my daughter, Mary."

The wife, Ann Gilligan, made a will devising all of her property to her brother, Peter O'Gara. It is insisted by appellee company that the sixth clause of the will vested the wife, Ann Gilligan, with a fee simple estate in all the property, real, personal and mixed, of the testator of which he did not otherwise dispose. Appellant, Mary Gilligan, however, earnestly insists that a consideration of the entire will, especially sections 7 and 8 thereof, evidence an intention on the part of the testator to give

his wife a life estate only in the property with the remainder to his daughter, appellant, Mary Gilligan. It is a rule well established in this and other states that after a clause in a testamentary paper making a devise without limitation to a named person, there can be no limitation put on said devise by any subsequent section or paragraph of the paper, and further that when a fee is devised there can be no remainder, and any attempt on the part of the testator to limit or curtail the fee by a subsequent paragraph or provision in the testamentary paper will be ineffectual: Trustees v. Mize, 181 Ky. 567; Barth v. Barth, 38 S. W. 511; Close's Admr. v. Close, 118 S. W. 980; Thurmond v. Thurmond, 190 Ky. 582; Plaggenborg v. Molendyk's Admr., 187 Ky. 509.

Abiding the cardinal rule of construction of wills and other such papers, requiring that the intention of the testator, if ascertainable, shall be given effect although ancient and often applied rules of construction are disregarded, we are of opinion that the testator intended to and did by section 6 of his will give to his wife, Ann Gilligan, all the rest and residue of his estate, real, personal and mixed, in fee absolutely. Under the above stated rule clauses 7 and 8 of the will were absolutely void for there was no property to pass under either of them. Undoubtedly this is what the testator intended by his will. He made no provision for an estate in remainder by section 6, by which he devised all the rest and residue of his estate to his wife. As Ann Gilligan made a will giving all of her property to her brother, Peter O'Gara, it so passed at her death. This included not only such property as Ann Gilligan may have owned in her own right but also such as she received under the will of her husband, Edward Gilligan.

It, therefore, appears that appellant, Mary Gilligan, was not the holder of a perfect title in the two lots which she contracted and undertook to convey to the railroad company, and as the railroad company obligated itself to take said property and pay the purchase price only in case appellant, Mary Gilligan, transferred it a perfect title thereto, the trial court properly sustained a general demurrer to her petition seeking specific enforcement of the contract of sale.

Judgment affirmed.