## Wells et al. v. Jewell.

(Decided December 10, 1929.)

V. H. BAIRD and JOHN E. RICHARDSON for appellants.

C. H. HATCHETT and J. R. WHITE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

John C. Wells executed a will dated December 2, 1889. His wife, Bettie V. Wells, and his only child, Maggie Pearl Jewell, were then living. The wife died later, and thereafter, on July 9, 1928, John C. Wells died. His daughter still survives, and claims under the will the entire estate, which amounts to about $5,000 in real and $1,300 in personal property. His collateral relatives claim that the daughter did not take a fee-simple estate under the will. The provisions of the will necessary to a decision of the case are as follows:

> "2d. I devise and bequeath to my beloved wife, Bettie V. Wells, all of the real and personal property that I may own at my death, and also that my wife, Bettie V. Wells, may sell and convey any or all of said property as she may deem best.
> "3d. After the death of my wife, Bettie V. Wells, I devise and bequeath to my only child, Maggie Pearl Jewell, and her bodily heirs, the rest

and residue, after paying the funeral expenses and any other debts that Bettie V. Wells, may owe.

"4th. And if my daughter, Maggie Pearl Jewell shall die not leaving issue surviving her, said property to be divided between my brothers and sisters, and if they are not alive, to their children or nearest relations."

By the fifth clause he nominated his wife as executrix, and by the sixth clause designated his daughter to be executrix after the death of his wife. The circuit court held that the daughter took a fee-simple title under the will, and the collateral kindred are prosecuting the present appeal. The second clause of the will devised to the wife, Bettie V. Wells, an absolute estate in fee simple in all of the real and personal property owned by the testator. It was coupled with a power of disposition, complete and unlimited. The attempt made by the subsequent clauses of the will to dispose of the rest and residue of the estate, when there was no preceding life estate, were ineffective and void. Plaggenborg v. Molendyk's Adm'r, 187 Ky. 509, 219 S. W. 438; Gilligan v. L. & N. R. Co., 195 Ky. 1, 240 S. W. 739. The fact that the wife predeceased the testator is not material and has no bearing on the construction of the will. Reuling's Ex'x v. Reuling, 137 Ky. 640, 126 S. W. 151. Section 4841, Ky. Stats., provides that if a devisee or legatee dies before the testator or is dead at the making of the will leaving issue who survive the testator, such issue shall take the estate devised or bequeathed as the devisee or legatee would have done if he had survived the testator, unless a different disposition is made or required by the will. Construing the statute, we have held, in the absence of a different disposition by the will, that the issue of the devisee or legatee stands in the shoes of the ancestor and takes the same estate. Banks v. Cornelison, 159 Ky. 793, 169 S. W. 502; Thompson v. Myers, 95 Ky. 597, 26 S. W. 1014, 16 Ky. Law Rep. 139; Cherry v. Mitchell, 108 Ky. 1, 55 S. W. 689, 21 Ky. Law Rep. 1547; Chenault v. Chenault, 88 Ky. 83, 11 S. W. 424; Id., 9 S. W. 775, 10 Ky. Law Rep. 840; Nance v. Akers, 165 Ky. 461, 177 S. W. 235; Carson v. Carson, 1 Metc. 300; Dillender v. Wilson, 228 Ky. 758, 16 S. W. (2d) 173.

The appellants insist that a different disposition thereof is made or required by the will, and for that reason the statute is without application. The argument

is predicated upon the assumption that the estate devised to the wife is disposed of by subsequent provisions of the will. But such is not the case. The subsequent provisions deal only with the "rest and residue" of the property not devised to the wife by the second paragraph of the will. Such limitation over is not effective, since the devise to the wife was in fee and embraced all of the property with unlimited power of disposition. Ewering v. Ewering, 199 Ky. 450, 251 S. W. 645; Atkinson v. Kern, 210 Ky. 827, 276 S. W. 277; Ireland v. Cooper, 211 Ky. 323, 277 S. W. 483; Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29; Martin v. Palmer, 193 Ky. 25, 234 S. W. 742.

In that situation the death of the wife made the daughter the direct devisee under the will of the entire estate in the whole property, unaffected by the attempt to devise the "rest and residue." There was nothing in the will indicating a different disposition of the property devised to the wife, and the obvious intention of the testator to vest in his wife and daughter the absolute title is given full effect by the operation of the statute. The limitation over of the rest and residue is nugatory.

Many other interesting questions are argued in the briefs, with supporting authorities; but it is not necessary to pursue them, since the conclusion reached disposes of the case, and is not affected by any of the other propositions or precedents debated by counsel.

The judgment is affirmed.