## Poth's Administrator et al. v. Muse et al.

(Decided March 27, 1931).

(As Modified on Denial of Rehearing June 24, 1932.)

BROWNING, REED & ZEIGLER, J. M. COLLINS and JOHN P. McCARTNEY for appellants.

M. J. HENNESSEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN— Reversing.

This case involves the construction of the will and codicil of Lutie Ryder Lane, which read:

"Maysville, Ky., Feb. 10, 1919.

"I Lutie Ryder Lane being of sound mind do will and bequeath all of my personal and real estate

to my sister Rosa Ryder Poth she to pay all bills and the bequests of Mr. I. M. Lane my deceased husband first as he has written them the remainder to be her own to dispose of as she sees fit.

"Written and signed by my own hand.

"Lutie Ryder Lane

"Nos. 2—if my sister should pass away suddenly or without will I desire that all just debts & notes be paid our graves marked and $400 be left to the cemetery company to care for lots, the balance divided between Mr. Lane's children & the church they to pay Mr. Geo Bierley $100, and Mrs. Jenkins $200 and Mrs. Annie Traxel & Miss Maim Cablish $500, for kindness shown us.

"Signed by my own hand.

"Lutie Ryder Lane

"I write this as I am sick and thinking of going to hospital."

Mrs. Lane died in the year 1920, and her will was probated in July of that year. A short statement concerning the circumstances under which this will and codicil were written will perhaps not be amiss. Mrs. Lane and Mrs. Poth were sisters. During the lifetime of Mrs. Lane's husband, Mr. I. M. Lane, the three lived together. Mr. Lane, when he died in 1919, left a will making many bequests which his estate was unable to discharge, and it was this that Mrs. Lane had in mind when she wrote the foregoing will. After Mr. Lane's death, Mrs. Lane and Mrs. Poth continued to reside together until Mrs. Lane's death. Mrs. Poth survived her sister about 9 years and then died intestate. The question presented for decision in this case is whether the devisee, Mrs. Poth, took under the will and codicil of Mrs. Lane only a life estate, with power of disposition or a fee simple, and, if the latter, was it an absolute fee simple or only a defeasible fee simple, and, if only a defeasible fee simple, was the fee simple subject to defeasance only in the event that Mrs. Poth died suddenly or without will in the lifetime of Mrs. Lane or at any time, whether before or after the death of Mrs. Lane.

If the will and codicil be construed to give to Mrs. Poth the unlimited power of disposition of the estate devised to her both in her lifetime and by will, and to

give to the other devisees mentioned in the codicil only so much of the estate devised to Mrs. Poth as remained unconsumed by her at her death providing she dies intestate, then the provisions for these other devises are void. Wintuska v. Peart, 237 Ky. 666, 36 S. W. (2d) 50. It is also true that if the will and codicil be construed as giving Mrs. Poth a fee subject to being defeated by her death suddenly or without will in the lifetime of Mrs. Lane, the appellees herein, who are the beneficiaries of the defeasance clause, cannot take because the contingency on which the defeasance depended never happened.

On the other hand, if the will and codicil of Mrs. Lane be construed as giving to Mrs. Poth only a life estate, with power of disposition, or if the estate be a fee subject to being defeated by Mrs. Poth dying suddenly or without will at any time, whether before or after the death of Mrs. Lane, then the judgment of the lower court awarding this estate to the appellees is correct.

The will by itself devises a fee to Mrs. Poth. The codicil devises nothing to Mrs. Poth, but simply undertakes to affect the estate theretofore given her in the will proper.

Under familiar principles, the instrument to be construed must be taken as a whole and its intention gathered from its four corners. It will be noted from a reading of this will and codicil that Mrs. Lane wrote the original will in February, 1919, and that by it she devised her estate absolutely to Mrs. Poth subject to the payment of the debts and bequests of her husband Mr. Lane. She and Mrs. Poth had lived together for many years and were devoted to one another. At the time she wrote the will, Mrs. Lane evidently intended that her sister should, after paying Mr. Lane's debts and bequests, have the rest of the estate to use and dispose of as she might see fit. She so expressly said in the will. But in November following, Mrs. Lane was taken ill. She then wrote this codicil and at the end of it said that she was writing the codicil because she was ill and was thinking of going to the hospital. We repeat that by her codicil Mrs. Lane devised no estate to Mrs. Poth. Her predominate idea still remains that Mrs. Poth was to have the right to use, consume and dispose of the estate as Mrs. Poth might see fit, even to the extent of exhaustion of the estate, not only in her lifetime but also by will on her death. Mrs. Lane vested Mrs. Poth with full power to dispose by will

of the estate devised to her or whatever was left of it at Mrs. Poth's death. It is thus manifest that by the codicil Mrs. Lane undertook to control the disposition of only so much of the estate devised to Mrs. Poth as remained undisposed of at the time of Mrs. Poth's death and provided Mrs. Poth died intestate. Mrs. Poth being thus invested with the unlimited right to dispose of the estate inter vivos and with a like right to dispose of it by will, the estate devised to her was a fee. Wells v. Jewell, 232 Ky. 92, 22 S. W. (2d) 414; Barth v. Barth, 38 S. W. 511, 18 Ky. Law Rep. 840; Plaggenburg v. Molendyk's Admr., 187 Ky. 509, 219 S. W. 438; Commonwealth v. Stoll's Admr., 132 Ky. 234, 114 S. W. 279, 116 S. W. 687; Becker v. Roth, 132 Ky. 429, 115 S. W. 761; Nelson v. Nelson's Exr., 140 Ky. 410, 131 S. W. 187. The codicil did not turn this absolute fee into a defeasible one. The intention of Mrs. Lane was not to defeat the entire estate given to Mrs. Poth in the event Mrs. Poth should later die suddenly or without will. She did not wish to cut down Mrs. Poth's right to use, consume, or dispose of the estate in whole or in part during Mrs. Poth's lifetime. The intention of Mrs. Lane was only that if Mrs. Poth died suddenly or without will, so much of the estate as then remained undisposed of by Mrs. Poth should go as the codicil directed. This was not a defeasance of the fee, but an undertaking to dispose of what was left of the fee on the death of the owner of the fee. As pointed out in the Wintuska case, supra, and the cases cited therein, such an undertaking to devise a remainder over after a fee is invalid.

The judgment of the lower court not being in accord with these views, it is reversed, with instructions to enter a judgment in conformity with this opinion.

Whole court sitting.