## Thurmond et al. v. Thurmond et al.

(Decided Nov. 23, 1937.)

P. J. CLARKE for appellants.

E. C. NEWLIN, JR. for appellees Thurmond.

NELSON D. RODES for appellees Hudson and Farmers Nat. Bank.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

Mary D. Robards died testate, a citizen of Boyle county, Ky. She left a farm that she owned of 114 acres to her daughter, Amelia I. Robards, for her life, and at her death it was to pass to her children surviving her. She was also given the right to sell it and reinvest the proceeds in other lands, but, in the event she sold it and invested the proceeds in other land, the burden was placed upon her as well as the purchaser to see that the purchase-money price was reinvested in a home, and in the manner provided in the will of her mother. Amelia I Robards married William H. Thurmond. As a result, two children were born—William Hunton Thurmond and Robert Helm Thurmond, who are parties to this action. On January 20, 1919, Amelia R. Thurmond, together with William H. Thurmond, her husband, sold the farm willed to her for the sum of $26,000 cash. Later, she and her husband purchased another farm of 149.92 acres from M. L. Marcum and his wife, Oca Marcum, for the sum of $42,727.20. The $26,000 that she realized from the farm willed to her by her mother was applied to the purchase of the Marcum farm, which was fully set out in the deed executed to her by Marcum. In the purchase of the Marcum farm, her husband invested of his own money, but the funds from both sources were not sufficient to pay the entire

purchase price. In order to obtain the funds to pay a part of the purchase price, they borrowed from the Farmers National Bank of Danville a portion of the money, securing it by a mortgage upon the entire tract purchased from Marcum, which paid all of the purchase money except a balance of $6,000, for which Marcum was given a note secured by a lien on the land. The deed from Marcum provided that Amelia R. Thurmond and her husband, William H. Thurmond, acquired an interest in the land in proportion to the amount paid by each of them on the purchase price. The amount paid by Amelia R. Thurmond, which she received from a sale of the land that her mother had willed her and her children, entitled her to an undivided interest of 60.8511 per cent. of the farm, the remainder to her husband. The vendor, M. L. Marcum, sold his note to one T. Y. Hudson, who is a party to the action, and he is entitled to whatever lien Marcum had against the land. It is admitted that the balance due T. Y. Hudson is $7,377.93, with accrued interest from April 5, 1934, and that the Farmers National Bank has an unpaid balance, which is due, of $2,313.99, with interest thereon from May 6, 1934, to date.

It appears that the Thurmonds were unable to pay the mortgage or purchase-money note when due. Therefore, they instituted this suit in the Boyle circuit court, individually and by William H. Thurmond, as statutory guardian of his two children, who were made defendants in the action, for the purpose of obtaining an order or judgment of court, authorizing and empowering him to join as guardian in a mortgage on the land for the purpose of securing a sufficiency of the money to pay the note and satisfy the liens herein referred to. However, this plan was abandoned after a judgment had been rendered therein. An amended petition was then filed asking for a partition of said land. In order to obtain properly the partition, commissioners were appointed and directed to go upon the land and divide same between William H. Thurmond and Amelia R. Thurmond and her two children, who were properly before the court, and who were represented by P. J. Clarke, duly appointed guardian ad litem. The said commissioners did divide the land by having it surveyed, and filed this report, which was confirmed by the court, and deeds were made to the parties in pursuance to the will of Mary D. Robards, deceased. P. J. Clarke, guardian ad

litem, filed exceptions to the report of the commissioners, claiming that the deeds made were not valid and were against the interest of the infants, referred to, and that the division of the land by the commissioners was unjust and unfair. The court overruled the exceptions; hence this appeal.

The material part of the final judgment of the court was as follows:

"This cause having been submitted to the court upon the exceptions filed by the guardian ad litem to the report of the commissioners partitioning the land described in the record herein, and for a final judgment upon all of the pleadings, papers and proof, and the court having taken time and being advised, is of the opinion that the $26,000.00 which the plaintiff, Amelia R. Thurmond received from the sale of the 114 acres of land on the Danville and Perryville pike in Boyle county, Kentucky, devised to her by her mother, Mary D. Robards, should have been invested in land of equal value only; the farm in which this entailed fund was invested should have, at the time of the purchase, been divided between William H. Thurmond and Amelia R. Thurmond, so that the investment of Amelia R. Thurmond charged with the limitations of the Robards will, was definitely ascertained by a fixed boundary. This was not done at the time but because the value of the whole tract was substantially equal to the amount of money agreed to be paid and the conveyance of the whole tract was to the parties in proportion to their investment, so that the extent of the ownership of Amelia R. Thurmond, subject to the limitations of said will could have been definitely ascertained, the partition now sought is proper. The court is further of the opinion that the defendant, T. Yates Hudson, and the defendant, the Farmers National Bank of Danville, took their liens charged with the record notice of the limitations of the Robards will and that such rights as they may have under the deed and mortgage could not be superior to the antecedent rights of the infant defendants as remaindermen under said will. The court is further of the opinion, upon the depositions, affidavits and the whole record herein that the partition of the land as reported by the Commissioners herein, was and is fair and equitable as could be

made; that the rights of the infant defendants are fully protected in the partition because Amelia R. Thurmond receives thereunder as much land as she could have received had the $26,000 been invested in a fixed boundary at the time of the purchase of the farm.

"It is therefore ordered and adjudged that the exceptions to said report be, and the same are now hereby overruled, and said report is hereby ratified, approved and confirmed.

"It is further ordered and adjudged that the vendors' lien now held by the defendant, T. Yates Hudson, appearing of record in the office of the clerk of the Boyle county court in Deed Book 47, page 533, and the mortgage lien of the defendant, The Farmers National Bank of Danville, appearing of record in said Clerk's office in Mortgage Book 23, page 463, were and are proper charges against the interest of the plaintiff, William H. Thurmond only, in the whole tract of land and that they were never and are not valid charges or liens against the life estate of the plaintiff, Amelia R. Thurmond, or any interest in said land she may have, or against the interest therein of the infant defendant or her children surviving her at death. * * *"

The question now before us is, Was that judgment correct? In the case of Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29, this court construed the will of Mary D. Robards and adjudged that it gave to Amelia R. Thurmond a life estate and no more and limits the remainder interest of her children, who may be alive at her death. No question is raised in the pleadings as to whether or not the liens of the creditors attached to anything more than the personal interest of William H. Thurmond, because neither of the creditors answered or asserted their claim, nor have they done anything more than file exceptions to the propriety of the procedure. Therefore, neither of the creditors, T. Y. Hudson or Farmers National Bank, can complain of any error in the proceeding, because they have prosecuted no appeal. The appeal then is confined alone to the rights of the infant defendants, which is affected by the partition of the estate and the fairness of the commissioners in making the division.

The right to have the farm divided in proportion

to the respective joint interests of William H. Thurmond and Amelia R. Thurmond and their children was correct. This proceeding of dividing the property, as was done here, was approved in part at least in the case of Bowling et al. v. Bank of New Haven, 219 Ky. 731, 294 S. W. 499.

The proof justifies the court in saying that the division of the farm as reported by the commissioners and adjudged by the court was equitable. It was strictly in keeping with the quantity and quality of the land, and the court gave each one a deed to that portion paid for by them. The court went even further, to which the lien creditors do not object, and released appellant's home, and their support during their minority of all liens of the creditors, when in fact a lien could have been adjudged against the life interest of the mother, Amelia R. Thurmond, but instead the portion deeded to Amelia R. Thurmond was adjudged free from any lien or claims other than the limitations of the mother's will.

We think from the evidence that the division was fair and equitable and that the infant defendants received all and more than they were entitled to, because, if the lien had extended in the judgment against the life estate of the mother and it had been sold and the other parties had purchased it with less interest in the children than the mother, the purchaser might have managed the life interest in such a way that the interest of the infants would have been decreased and injured thereby. We can see no reason for the defendants through their guardian ad litem to object to the judgment. We think that the integrity of the fund left by their grandmother has been protected and the infant defendants have received more than if the creditors had pressed their claim with more vigor. The judgment limits the lien of the creditors to that portion of the land that was adjudicated and deeded to the father, William H. Thurmond, which is to the advantage, as we have stated, of these infants.

Judgment affirmed.

Whole court sitting.