Judge Underwood,
delivered the opinion of the court.
The defendants in error, instituted an action of covenant against Hildrith, upon a covenant, to the following effect. «Whereas, Sarah Morriss, (now Mrs. Forrest) has this day sold me fifty acres of ■land, now' if she shall never be able to convey or *218 cause to be conveyed to me said land, agreeably to her contract, then I am to pay her three dollars an acre, per annumí ag ren|. for ap cjeare(j land on said tract.” The declaration avers, that Hildrith took possession of the land, and held it until 8th March, 1824, “when it being ascertained, that said' Sarah was unable, and never could be able to convey, or cause to be conveyed to the said defendant, the said fifty acres of land, it was mutually agreed to rescind the contract, whereupon, the plaintiffs delivered to the defendant, the notes which he had executed to said Sarah, for the purchase money, and the defendant, delivered to the plaintiffs, the bond which had been executed to him, for the conveyance of the title to said land.”
Plea that docs not meet tionsof píñin-tiff’s declara-tionbad.
The declaration was decided by this court, to be good when file cause was formerly brought up. Upon its return, the defendant, among other pleas, filed two, which were decided to be bad on demurrer.
The substance of these pleas,is as follows: the one averred “that it was not ascertained on the 8th of March, 1824, nor at any time before nor since, that said Sarah never could be able to convey, or cause to be conveyed, the said fifty acres of land.” The other averred, .“that the rescisión of the contract in the declaration alleged, embraced the covenant declared on as well as the bond of said Sarah,for conveyance,andthenoicsofthe defendant, for the purchase money; and that the rescisión of said covenant, together with the notes, was the consideration of his rescinding the contract of sale; and he avers, that when the said bond and notes were mutually delivered up, as in the declaration is alleged, it was avowedly believed and intended, that the covenant declared on, was then, and there also delivered up, and cancelled by the plaintiff; and he avérs that it was by the fraud and covin of the plaintiff, omitted to be done.” Whether these pleas are valid, are the only questions for consideration. It is our opinion, they are both bad.
The first does not traverse the inability of Mrs. Forrest, to convey on the 8th of March, 1824, and the consequent agreement to rescind, and the cancelment of the notes and title bond, which followed. It stakes the whole controversy, upon the averment, that it was not ascertained at any time, that she never could be able to convey or cause to be conveyed. It may truly be affirmed, *219 that it would be impossible to ascertain in the life-time of the contracting parlies, what the plea requires, should be ascertained before the defendant is willing to pay rent. It might so happen, that Mrs. Forrest surviving her husband, by the provisions of her will, might malee such dispositions of her estate, as to secure a title to Hildrith, or to his heirs an hundred years hence. There is no calculating the end of possibilities. ‘ We do not admit, that the covenant declared on, has laid the foundation for any such calculation, or any such plea.
Contraots to he construed ^the^nten-tionofthe parties,
Plea, that have beenoancell’d no bar to ¡^each1 f°r
Milk and Brown, for plaintiff; Hanson, for defendant.
All contracts should be interpreted, with a view to the intention of the parties, and the language which is used, should receive a construction influenced by a common sense view of the whole subject matter and bearings of the contract between the parties. Here the contract evidently contemplated paying Mrs. Forrest $3 per acre rent per annum, during Hildrith’s occupation of the land, if he could not get the title according to the 'bond he held on her. When did that bond require her to make the title? The plea does not inform us. As soon as the title bond was violated by Mrs. Forrest, we'tbink it might be said within the meaning of the contract declared on, that it was ascertained, that Mrs. Forrest never could be able to convey or cause to be conveyed. The obvious meaning of the contract is, that if Mrs. Forrest shall be unable to convey agreeably to her contract, then Hildrith is to pay her rent, and the plea is an attempt to evade and to escape upon a quibble.
The second plea is an attempt to show, that the covenant declared on, ought to have been cancelled, not that it was done, and to substitute belief and intention for issuable facts. If the plaintiff in error has been injured by the fraudulent conduct of his adversaries, another forum can grant relief, when he should be more specific in his averments, than he has been in the plea under consideration.
The judgment is affirmed with costs and damages.