## Cropper, et al. v. Bowles, et al.

(Decided November 1, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Deeds—Construction of—Title.—The deed in controversy is a conveyance in fee without any reversion to the grantor, or any remainder over to anybody, and invests the grantee with such title as that she can convey.

2. Deeds—Separate Estate—Weissinger Act.—The conveyance runs in apt words to convey that estate formerly existent in married women under the general designation of separate estate, and was intended to create in the wife an estate in the property of that species known as a separate estate. The Weissinger act has the effect of removing the disabilities adhering to a separate estate, and the grantee had full and free right of conveyance in the property, subject only to the demands and proper methods of conveyances obtaining since the passage of the act.

ROBERT H. GREEN, RICHARD P. DIETZMAN for appellant.

McDERMOTT & RAY for appellees.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

The appellant, Cropper, bought of the appellee, Annie F. Bowles, a married woman, a piece of real estate lying on Second street in Louisville, Kentucky. When the vendors tendered their deed to the vendee the latter declined to carry out the contract, claiming that his vendor, Mrs. Bowles, had not such title to the property as she could convey. Action was thereupon brought by the vendor for a specific performance.

Upon trial the specific performance was decreed, and the vendee appeals here.

The sole question in the matter is as to whether or not, under the deed to her, Mrs. Bowles had such title as she could convey. The material parts of the deed are as follows:

"THIS DEED, between Henrietta R. Caldwell, * * * of the first part, and Annie F. Bowles, wife of James W. Bowles, * * * of the second part,

"WITNESSETH, That the said party of the first part in consideration of seven thousand dollars ($7,000)

\* \* \* does hereby sell, grant and convey to the party of the second part her heirs and assigns, the following described lot or parcel of land in Louisville, Jefferson County, Kentucky. \* \* \*

"The above described property is conveyed to the said Annie S. Bowles at the request of Nannie M. Wilson, her mother, and as a gift by the said Nannie M. Wilson to her daughter, Annie F. Bowles, to be her sole and separate estate, free from the debts and control of her husband or any husband she may ever have, with the right to dispose of the same by last will and testament or writing in the nature thereof, but without power to mortgage or otherwise to incumber or to sell or convey the same during her life, except that under a decree of a court of competent jurisdiction, the property may be sold and conveyed for reinvestment in other real estate, in the same manner as the above described property is hereby conveyed.

"TO HAVE AND TO HOLD THE SAME, with all its appurtenances, to the second party her heirs and assigns forever with covenant of general warranty," etc., etc.

The appellant, Cropper, first contends that under this deed Mrs. Bowles took not the fee to the property, but a life estate. The deed itself answers the argument. It is a conveyance in fee without any reversion to the grantor or any remainder over to anybody. The only limitation upon the entire fee is that the conveyance runs in apt words to convey that estate in the property formerly existent in married women in this State under the general designation of separate estate. Under section 17, article 4 of chapter 52 of the General Statutes, in force at the time the foregoing deed was made, a married woman might sell and convey her separate estate in the same manner as if such estate had been conveyed or devised to her absolutely, if there were nothing in the deed or will under which it was held forbidding the same. The grantor in the deed obviously had this section of the statute in mind and intended to interpolate in the deed the precise exception to which the cited section of the statute applies. In other words, he meant to create in the wife an estate in the property of that species known as a separate estate.

Now, what of the effect of the Weissinger Act upon a woman's right to convey, after the passage of that.

act, property acquired and held by her as separate estate before the passage of that act? This jurisdiction has already answered the question. In Morrison v. Morrison's Assignee, 113 Ky., 507, extended opinion by Judge Hobson, on page 516, it was said that the effect of the Weissinger Act upon a married woman's separate estate theretofore acquired was only to enlarge her powers over it; that the disability of coverture was the creation of the law, and that the Legislature might abolish it; that under the Revised Statutes married women were substantially disabled from disposing of their separate estates; that under the General Statutes these disabilities were in part removed, and under the Weissinger Act they were still further removed; that none of these changes affected the estates of married women vested in them under the law in force when they were created; that the estate of the *feme* in the property remained after the act as before, but that the act removed the disability as to disposition; that the disabiliy was personal and not any part of the estate. This opinion, therefore, settles it that the enactment of the Weissinger law had the effect of removing the disabilities adhering to a separate estate, and that Mrs. Bowles had full and free right of conveyance in the property, subject only to the demands and proper methods of conveyances obtaining since the passage of that act.

There is left the brief question as to whether the provision in the deed that Mrs. Bowles should not mortgage, incumber, sell or convey the land during her life was such a restraint upon alienation as can be upheld. This court has committed itself to the doctrine that reasonable restraints upon the alienation of a fee simple title will be upheld. Stewart v. Brady, 3 Bush, 623, and the cases following based upon it. In Harkness v. Lisle, &c., 132 Ky., 767, we held that a restraint for the duration of one's life was an unreasonable restraint upon the inherent and inseparable right of alienation appurtenant to every vested estate in fee. That case is conclusive of this.

The judgment of the trial court is affirmed.