## Chappell, et al. v. Frick Company.

(Decided October 20, 1915.)

### Appeal from Leslie Circuit Court.

1. Deeds—Restraint Upon Power of Alienation.—A reasonable restraint upon the power to alienate a vested fee simple estate may be imposed by the deed or will creating the estate, and such restraining provision will be held valid.

2. Deeds—Restraint Upon Power of Alienation.—No general rule, however, exists by which it may be determined what restraints upon the alienation of a vested fee simple estate are reasonable, and which restraints are unreasonable, and each particular case must be determined upon the particular circumstances of it.

3. Deeds—Restraint Upon Power of Alienation.—The rules holding void any unreasonable restraint of the power of alienation of a vested fee simple estate, are founded upon reasons of public policy, as being restraints upon the commercial and social advancements of a community.

4. Deeds—Restraint Upon Alienation.—A clause in a deed, which imposes upon the grantees of a vested fee simple estate a restraint of the power of alienation to certain specified persons, or to persons of a designated class, are valid, but a clause re-

straining the power of alienation to. any one, except the heirs of a certain designated person, is void.

J. M. MUNCY for appellants.

LEWIS & LEWIS and MILLER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing in part and affirming in part.

Wilson Chappell, of Leslie County, executed to the Frick Company six promissory notes, and to secure the payment of these notes, he and his wife, Martha Chappell, executed, acknowledged, and delivered a mortgage to the Frick Company, upon some personal property, and in addition, upon a tract of land containing about 250 acres.. The Frick Company instituted this action in the Leslie Circuit Court against the appellants, Wilson and Martha Chappell, and sought a recovery of a personal judgment against them for the amount of the notes and an enforcement of the lien created by the mortgage, and a sale of the personal property and land to satisfy the personal judgment. The appellants filed an answer, in which they controverted the right of appellee to have or to enforce any lien upon the land by reason of the mortgage to satisfy the debt. A demurrer was .filed to the answer, which was sustained, and a judgment rendered according to the prayer of the petition of the plaintiffs, to which the appellants excepted and prayed an appeal to this court.

The appellant, Martha Chappell, was not a party to the notes sued on and never subscribed same, and was in no way personally bound upon the notes, and it was error in the trial court to render a personal judgment against her for the amounts of the notes

The defense presented by the answer to the enforcement of the lien upon the land and for a sale of it to satisfy the debts, was, that the land was conveyed to the appellants, Wilson Chappell and Martha Chappell, by one Reuben Chappell, and that the power of alienation, by the terms of the deed, was withheld from the appellants, except they should convey it to some of the heirs of Reuben Chappell. The answer set out the fact that Reuben Chappell was still alive, and that he had six living children, and that they were his only children and future heirs at law.

It is contended, that the mortgage, so far as it attempted to create a lien upon the land, was something which appellants were without power to create and was void.

The deed from Reuben Chappell to the appellants, under which they held title to the lands embraced in the mortgage, was executed on the 7th day of December, 1901. The granting clause of the deed recited, that in consideration of $500.00 in hand paid, that the parties of the first part, "do hereby sell and convey to the party of the second part," the property described in the deed. The habendum clause of the deed was to the effect, that the parties of the second part were "to have and to hold the land, together with all the appurtenances thereunto belonging unto the party of the second part, their heirs and assigns forever," and was followed by the covenant of the grantors to warrant the title to the land conveyed "unto the parties of the second part, their heirs and assigns forever."

This deed, upon its delivery, vested the appellants with a fee simple title to the property.

Following the habendum clause of the deed, was the one relied upon by the appellants, and is as follows:

"The party of the second part is not to sell nor convey this land to any. one, except the heirs of the party of the first part."

If the latter clause is valid, the appellants had no power to convey it by a mortgage or to create a lien upon it, but the deed first having vested them with a fee simple title, if the clause in question constituted an unreasonable restraint upon the appellants' power of alienation of the land, it was void, and the fee simple title, with full power of alienation vested in appellants from delivery of the deed. The question presented is not whether or not, by the terms of the deed, a perpetuity was created, as is prohibited by Section 2360, Kentucky Statutes, 1915, but is the restraint placed upon the grantee's power of alienation inconsistent and repugnant to the terms of their deed and title and an unreasonable limitation upon their right of disposition of the property. vested in them by the deed, and therefore void? The general rule prevailing in most jurisdictions is, that where the fee simple title to real estate passed under a deed or will, any restraint attempted to be imposed by the deed or will upon the right of the grantee or devisee

to alien it, is to be treated as void. In 13 Cyc., 669, the rule is thus stated:

"Where an estate in fee simple is granted to a person by proper and sufficient words, a clause in the deed, which is in restraint of alienation, is void and will be rejected."

The rule prevailing in this jurisdiction, however, is that a reasonable restraint may be imposed and that such a provision in a deed or will will be upheld. Lawson v. Lightfoot, 27 R., 217; Stewart v. Brady, 3 Bush, 623; Wallace v. Smith, 24 R., 139; Stewart v. Barrow, 7 Bush, 368; Rice v. Hall, 18 R., 814; Kean v. Kean, 13 R., 956; Best v. Conn, 10 Bush, 36; Page v. Frazer, 14 Bush, 205; Ernest v. Shinkle, 95 Ky., 608; Johnson v. Dumeyer, 66 S. W., 1025; Morton v. Morton, 120 Ky., 257. There has been no general rule laid down, however, by which it may be determined what restraints are reasonable and which ones are unreasonable, and each particular case must be considered upon the particular circumstances of it. In the case, at bar, the grantees, although holding under a fee simple title, which carries with it, as one of the essential qualities of such an estate, an unlimited power of disposition, are attempted to be restrained by the clause of the deed, *supra,* from making any disposition of their lands—not for a limited time, and to a limited number of persons, but for so long as they may live, unless they can sell it to one of Reuben Chappell's heirs. Reuben Chappell is still alive and has six children now living. Whether Reuben Chappell may have any children living at the time of his death can not be known, or whether he may have one or more heirs can not be known. Whether any heirs of Reuben Chappell may ever desire to buy the land, or whether any of his heirs may ever be financially able to buy the land can not be known. If one of such persons should be willing to purchase it, the appellants, if they sold, would be compelled to submit to receiving such a price and upon such terms, as such person would dictate. The heirs of Reuben Chappell might not, in all probability, ever be able financially to purchase the land, or if so, they might not desire to buy, or if they desired to buy, they might be willing to become purchasers only at a price which would be ruinous to appellants. If compelled to make a sale, it is very apparent that appellants would be entirely at the mercy of a half dozen or less number of people, if the clause in the deed limiting their power of disposition is valid. The

circumstances would in effect withhold from appellants the power of alienation of the lands, for their entire lives, if they are bound by the limiting clause of the deed. Deeds, which have imposed upon the grantees a restraint of the power of alienation to certain specified persons, or to a person of a certain designated class, have been held valid and the restraint a reasonable one, but in the case, at bar, the restraint is upon alienation to the entire world, except a half dozen or less persons. To uphold a restraint upon the power of alienation of a fee simple estate except to a certain designated person, would put it into the power of a grantor to limit the grantee's right of disposition to one, who will never be able or willing to purchase, and thus take the absolute power of alienation from the grantee for an unreasonable length of time. The rule making void the restraints attempted to be imposed upon the power of alienation of vested fee simple estates is founded upon reasons of public policy, as being restraints upon the commercial and social advancements of a community. In Chappel v. Chappel, 119 S. W., 218, this court having under consideration a clause in a deed similar to the one in the case at bar, said:

"Neither is the clause in the deed providing that John Chappel 'is not to sell or convey the above lands to any one except the heirs of Reuben Chappel' binding upon him. It is entirely inconsistent with the deed and an unreasonable limitation upon the right of disposition vested in him by the deed, subject to the estate retained by the grantors."

For the reasons stated, we conclude that the clause in the deed, under which appellants hold, which attempts to restrain their power of alienation of the land, is an unreasonable restraint and limitation, and is void.

The judgment appealed from, so far as it is a personal judgment against Martha Chappell for the amounts of the notes sued on, is reversed; the judgment otherwise is affirmed.