OWENS v. BRISCOE COUNTY. (No. 2421.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 4, 1925.)

Highways ⬤⟞30(1) — County commissioners' court cannot order opening of road until statutory notice of application is given.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6875, county commissioners' court cannot grant order to lay out and open road until 20 days' notice of intended application is given in statutory manner.

Error from Briscoe County Court; W. F. Hendrix, Special Judge.

Petition to the Commissioners' Court of Briscoe County for the opening of a public road. Order opening road and awarding damages to landowners approved by county court, and J. W. Owens brings error. Case dismissed.

J. E. Daniel, of Silverton, and A. T. Cole, of Clarendon, for plaintiff in error.

C. B. Shrewsbury, of Silverton, and Kenneth Bain, of Floydada, for defendant in error.

JACKSON, J. For the purposes of this opinion, we shall designate J. W. Owens, appellant, and Briscoe county, appellee.

The record in this case discloses that an application was made to the commissioners' court of Briscoe county, by a written peti-tion signed by a sufficient number of freeholders in said county, to authorize said court on such application to grant an order to open a new public road through a portion of the county.

The petition for the road is not before us, but an order entered upon the minutes of said court appointing a jury of view to lay out such road, and the report of said jury of view and its adoption by the court is disclosed in the record. Under the order to the commissioners' court the jury of view proceeded "to lay out, survey, and describe the premises described in said petition," and recommended that a first-class road 60 feet wide be established, giving a description by surveys and field notes of the location as determined by them, which report was adopted by the court.

The appellant contested the action of the commissioners' court in appointing a jury of view and adopting its report, and urged many objections thereto, among which in his written protest, is the following:

"Because said court is without jurisdiction to review out, lay out, and establish said road upon said lands, said road being asked for by petition, and no notice of any application therefor ever having been given in any legal manner."

The jurisdiction of the commissioners' court to grant the order was challenged, but said court held that it had jurisdiction, and adopted, by an order entered on its minutes, the report of the jury of view, and ordered that a first-class road be opened, awarding damages to the various landowners, and awarded to appellant as his damages the sum of $500. The appellant prosecuted an appeal to the county court, and judgment was there rendered approving the action of the commissioners' court, and decreeing him damages in the sum of $500. From the judgment of the county court, he has, by writ of error, brought the case to this court for review.

The record before us, without controversy, reveals the fact that the action of the commissioners' court was initiated, and its jurisdiction invoked, in an application by a written petition signed by the requisite number of freeholders, and also discloses without controversy, that no notice was given by any persons or person making the application to the commissioners' court to grant the order to open up a new road. Article 6875, V. S. C. S., reads:

"The commissioners' court shall in no instance grant an order on an application for any new road, or to discontinue an original one, unless the persons making application therefor, or some one of them, shall have given at least twenty days' notice by written advertisement of their intended application, posted up at the court house door of the county and at two other public places in the vicinity of the

route of the proposed new road, or the road proposed to be discontinued."

In answering certified questions from the Court of Civil Appeals. of the Second Supreme Judicial District, in the case of Haverbekken v. Hale, in 109 Tex. 106, 204 S. W. 1162, Chief Justice Phillips says:

"As we construe the certificate, we are asked to .determine whether the fact that eight freeholders of the precinct did not sign the petition for the road, and a failure to give 20 days' notice on the petition rendered void the action of the commissioners in ordering that the road be opened.

"In our opinion both of these requirements prescribed by the statutes are jurisdictional, and their observance is essential to a valid exercise by the .commissioner's court of the power to open upon the application of others a road of the class here involved."

As we interpret Judge Phillips' opinion, he also holds that the notice provided for is personal to the landowner, and might be waived by him, but that a landowner cannot waive the provision of the statutes in which the public generally is interested, and that the public have an interest in the opening of a new road because of the appropriation of public funds to. compensate the landowners for the land required for the road, as well as other interests.

We are of the opinion that, under article 6875 and .its construction by the Supreme Court in the- case cited, supra, that the commissioners' court of Briscoe county was without jurisdiction to· grant the. order to lay out and open the road, until the notice of the intended application for 'such order had been given as required by the statutes. For this reason, the county court to which an appeal was had, and this court are without jurisdiction.

The case is therefore dismissed.