## Courts v. Courts' Guardian.

(Decided June 18, 1929.)

OSCAR M. SMITH for appellant.

COLEMAN TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Malon Courts died testate in December, 1913, and his will was probated at the February, 1914, term of the Logan county court. He devised to his greatnephew and namesake, Malon Clay Courts, the R. W. Courts home-

stead, situated on Main street in Russellville, Ky., with a restraint on the alienation thereof to the effect that the homestead was not to be sold "out of the name Courts." The devisee is an infant, and this action was instituted by his guardian for a declaration of rights and a construction of the will. The circuit court adjudged that Malon Clay Courts took a fee-simple title to the homestead property described in the will free from any restraint whatever. The basis of the judgment was that the limitation on the fee that it was not to be sold "out of the name of Courts" was an unlawful and unreasonable restraint on alienation, and therefore ineffective and void. The guardian ad litem of the infant has prosecuted this appeal. The sole question presented is the validity of the limitation on the title that the property may not be sold to any one not bearing the name of Courts.

At common law all restraints on the alienation of land held in fee were void, but the rule prevailing in this jurisdiction is that a restraint for a reasonable period may be imposed upon the alienation of property. No invariable test has been prescribed by which to determine the reasonableness of restraints or limitations, and each case must be decided upon the particular and peculiar circumstances presented by it. Chappell v. Frick Co., 166 Ky. 311, 179 S. W. 203; Cammack v. Allen, 199 Ky. 268, 250 S. W. 963; Kentland Coal & Coke Co. v. Keen, 168 Ky. 836, 183 S. W. 247, L. R. A. 1916D, 924.

In Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29, it is stated that an attempt to restrain the alienation of a fee-simple estate, devised by will, during the entire life of the devisee is void. Brock v. Conkwright, 179 Ky. Law Rep. 555, 200 S. W. 962; Lawson v. Lightfoot, 84 S. W. 739, 27 Ky. 217; Carpenter v. Allen, 198 Ky. 252, 248 S. W. 523; Harkness v. Lisle, 132 Ky. 767, 117 S. W. 264; Lowe v. Stepp, 132 Ky. 76; 116 S. W. 293; Cammack v. Allen, 199 Ky. 268, 250 S. W. 963. In Chappell v. Chappell (Ky.) 119 S. W. 218, a deed contained a clause providing that the grantee should not sell or convey the lands to any one except the heirs of Reuben Chappell. It was held that the limitation was inconsistent with the deed and unreasonable because it limited the sale to such few persons as to amount to a practical prohibition of the right to sell the land. In Chappell v. Frick Co., 166 Ky. 311, 179 S. W. 203, the court held invalid a limitation to the effect that the grantee should not sell or convey the land except to the heirs of the grantor. The restriction

was held invalid because of the limited number of people to whom a sale might be made. In Carpenter v. Allen, 198 Ky. 252, 248 S. W. 523, a provision in a will that the devisee of land in fee should not sell or dispose thereof to other persons except the other devisees named in the will was an unreasonable restraint on alienation and void. See Saffold v. Wright, 228 Ky. 594, 15 S. W. (2d) 456, where many cases upon the subject are reviewed.

It is clear in this case that the attempted limitation on the power of disposition is not confined to a definite and reasonable time, but continues during the entire life of the devisee, extends to all persons not bearing the name of Courts, and seems to contemplate that it should run with the land and extend to all vendees of the devisee, immediate and remote. Such a restraint is clearly unreasonable, not only because of its reaching beyond a reasonable time, but also because it limits the right to sell to a class so small as to amount to a denial of the right to sell at all.

It follows that the circuit court was correct in the conclusion that the restraint on alienation annexed to the devised fee was void and that the infant took the title free of the attempted limitation.

The judgment is affirmed.

Whole court sitting.