## Lindsay v. Williams.

Sept. 29, 1939.

William J. Baxter, Judge.

750

J. Smith Hays, Jr., for appellant.

Benton & Davis for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The question for decision in this Specific Performance suit is whether the appellee can convey to the appellant the unencumbered fee simple title to a house and lot in Winchester which was conveyed to the appellee on August 30, 1917, by the executrix of the will of J. H. Evans, appellee's grandfather. The conveyance by the executrix to the appellee, whose maiden name was Nancy C. Quisenberry, was made pursuant to the fourteenth clause of the will which reads as follows:

"I direct that Thirty-five Hundred or Four Thousand Dollars out of the interest ot Nancy C. Quisenberry be invested for her in a home to be deeded to her and her heirs free from the debts or control of any husband she may have and not to be mortgaged or any lien put on it."

It is first contended by the appellant that the restriction against encumbering the property indicates that the testator meant to prohibit the sale of the property, although it is conceded that if the appellee took the fee simple title to the property under her grandfather's will and the conveyance by the executrix which incorporated its language, the restriction against the encumbrance of the property or its alienation is void. This is undoubtedly the law of this state, as it has been uniformly held by this court that while the donor of the fee simple title to real estate may validly restrain the donee from encumbering it during a reasonable period of time, an attempted restraint of the donee's power to encumber or alienate the property during his lifetime is void. Harkness v. Lisle et al., 132 Ky. 767, 117 S. W. 264; Crooper v. Bowles et al., 150 Ky. 393, 150 S. W. 380; Thurmond v. Thurmond, 190 Ky. 582, 228 S. W. 29. It

is therefore necessary to determine the effect of the eighth clause of the will which appellant contends created only a defeasible fee in the appellee. The seventh and eighth clauses read as follows:

"7th. I direct that the balance of my estate except the interest I am entitled to under the will of W. D. Thomson after the marriage or death of Mildred Thomson which I will hereafter in this will direct how it shall go be divided between Lee Evans Curtis Evans and Nancy Quisenberry & Evans Quisenberry as follows To Lee Evans 1/3 to Curtis Evans 1/3 to Nancy C. Quisenberry 1/6 to Evans Quisenberry 1/6.

"8th. I direct that if either Nancy C. Quisenberry or Evans Quisenberry should die without arriving at the age of twenty-one years or Issue of the Body the interest of the one dying shall pass to the other or if both Should die before arriving at the age of 24 years or issue their interest shall revert to my estate and be divided according to the Kentucky Statutes."

It is possible that the testator intended the provisions of the eighth clause of his will to apply only to that portion of the estate which he designates as his own, and not to that portion of the estate which he refers to as belonging to him under the will of W. D. Thomson and which he disposes of in the ninth and tenth clauses by bequeathing $5,500 to his wife and the balance to the beneficiaries, including the appellee, named in the seventh clause in the proportions therein enumerated. Since from the record before us it is impossible to say whether the home referred to in the fourteenth clause of the will was to be purchased with funds derived from Testator's own estate or that which he refers to as belonging to him under the will of W. D. Thomson, it is doubtful whether the provisions of Clause 8 have any reference to the devise under the fourteenth clause. In other words, the provisions of the eighth clause may refer only to the funds bequeathed in the seventh clause. Moreover, it would seem probable that if the testator intended the provisions of the eighth clause to apply to the devise in the fourteenth clause, he would have made that intention clear by incorporating the provisions of the eighth clause in the fourteenth clause, in view of the language intervening. However, for the purposes

of this case we shall consider the provisions of the eighth clause as applicable to all of the bequests made to, or for the benefit of the appellee, and hence, it results that if she possesses the fee simple title to the real estate in question it must be because the failure of issue referred to in the eighth clause is a definite and not an indefinite failure of issue. In the case of Cassity v. Riley et al., 158 Ky. 507, 165 S. W. 679, 680, this court was called upon to construe the will of William M. Bibb in which the testator devised his residuary estate to his two infant nephews "to be paid or delivered to them by my executor on their arriving at the age of twenty-one years respectively," with the following proviso:

"In case of the death of either or both the said Druitt and James B. Riley without child or children the devise hereby given to the one or both so dying, is to pass to and be paid by my executor equally to all of my nephews and nieces (children of my brother and sister) that may be living at the time of such decease of said Druitt or James B. Riley, but in case they have such children or child then their devise is to pass to such child or children."

The court, applying the rules of construction laid down in the case of Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 26 Ky. Law Rep. 381, held that the purpose of the clause quoted was not to qualify the fee simple title but merely to provide who should take in case the devisees should die before the time of distribution. These authorities are conclusive of the question under consideration in the case at bar, and we are therefore constrained to hold that the failure of issue referred to in the eighth clause of the will of J. H. Evans was intended to operate to deprive the grandchildren of the fee simple title only in the event of their death without issue before attaining the age of twenty-one years, or in the event the survivor died before attaining the age of twenty-four years, and that the appellee, having attained the latter age, is the owner in fee simple of the property conveyed to her under the fourteenth clause of the will, and hence, by her deed, can vest the appellant with the fee simple title.

Judgment affirmed.