## HUTCHINSON v. LOOMIS.

Court of Appeals of Kentucky.

Dec. 21, 1951.

C. Harold Ewing, Falmouth, for appellant.

W. Marvin Davis, Falmouth, for appellee.

SIMS, Justice.

On Sept. 20, 1902, O. H. P. Smith conveyed to his son, William H. Smith, a tract of land in Pendleton County containing 29.6 acres. The deed recited a consideration of one dollar and the further consideration that grantor was dividing his estate and the land conveyed was grantee's "full share" of grantor's estate. Grantor reserved a life estate in 1¼ acres upon which stood the dwelling and .38 acres upon which the barn stood, and the deed

recited the grantee was to "feed, clothe and bury grantor during his lifetime" and should the son fail to do so, that part in which the life estate was reserved reverted to grantor.

The deed contained this clause: "and it is expressly understood that grantee cannot convey said land to any person except one of grantor's heirs." It is upon this clause the case turns.

William H. Smith died testate in 1948 and without issue. His will directed his executor to sell this 29.6 acres and apply the proceeds to an orphan's home, church and cemetery. Lula May Loomis, a sister of testator, filed this action asserting that testator took no title in the land described in the deed from his father by reason of the limitation therein forbidding him to convey it to any person except one of his father's heirs. The answer averred that testator took a fee simple title under the deed from his father.

Without giving or even intimating any reason for his decision, the chancellor adjudged the title to the land conveyed testator by his father was in the father's estate, and the executor appealed. We presume the chancellor was under the misapprehension that the limitation—the property may not be conveyed to anyone except one of grantor's heirs—made the deed void.

In the deed from the father to the son the same paragraph forbidding the conveyance of the property to anyone except an heir of grantor, contained a sentence placing on the son the burden of supporting his father and providing that should he fail to meet this burden, he forfeited to his father the dwelling, orchard, barn and 1.63 acres, in which his father had reserved a life estate. Manifestly, in attempting to provide greater security for his support and maintenance, the father incorporated into the deed the condition that the land could not be sold to anyone except one of his heirs. It might be well to state here that the father died many years before the death of his son in 1948.

■ In this jurisdiction the rule is that a restraint upon the alienation of land held in fee is not void if the restraint is for a reasonable period. As to what is a reasonable period, no invariable test has been prescribed and each case must be determined upon the facts and circumstances it presents. Chappell v. Frick Co., 166 Ky. 311, 179 S.W. 203; Cammack v. Allen, 199 Ky. 268, 250 S.W. 963; Kentland Coal & Coke Co. v. Keen, 168 Ky. 836, 183 S.W. 247, L.R.A.1916D, 924. As grantor in this instance was distributing his estate and imposing a condition in the deed that his grantee son should provide for grantor during life and burial at death, we have reached the conclusion that the restraint upon the alienation of the property during the life of grantor was reasonable.

Should we be mistaken in this, and the restraint upon the alienation be regarded as unreasonable, then under the case of Courts v. Courts' Guardian, 230 Ky. 141, 18 S.W.2d 957, the restraint is void and the deed stands the same as if no restraint upon the alienation had been imposed. In either event the grantee took the fee. The opinion in Courts v. Courts' Guardian fully discusses the question before us and cites many authorities. Rather than repeat what was written there, we refer the reader to that opinion.

The judgment is reversed with directions that one be entered in conformity with this opinion.