## DILLS v. DEAVORS et al.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Rehearing Denied April 30, 1954.

J. E. Childers and L. C. Farley, Pikeville, Simeon S. Willis, Ashland, for appellant.

Stratton & Stratton, Pikeville, for appellees.

CULLEN, Commissioner.

W. T. Deavors (a son of Sally Deavors, deceased) and his son Earl brought this action against Dewey Dills, devisee under the will of a deceased daughter of Sally Deavors, to determine their rights under a deed executed by Sally Deavors to her children in 1892. The court held that W. T. Deavors as life tenant and Earl Deavors as remainderman are the owners of and entitled

to the immediate possession of the land in question. Dewey Dills has appealed.

The deed of 1892 (omitting the description) reads as follows:

"This deed of conveyance made and entered into this 11th day of July, 1892, between Sally Deavors, party of the first part, and Martha J. Deavors, Victoria C. Deavors, and W. Thomas Deavors, parties of the second part:

"Witnesseth: That the said party of the first part, for and in consideration of the love and affection I have for my three children, do hereby sell and convey to the party of the second part, their heirs and assigns, the following described property, to–wit: (Description omitted) The said Sally Deavors retains and keeps possession of said land during her natural life time and also reserves the right to sell the same at any time she may desire to do so, and at her death the aforesaid tract of land is to go to her three children the second parties herein named and they are to have full possession of the same so long as they live, and at their death it is then to go to their bodily heirs and they are to have no right to sell the same unless they can agree and sell to each other.

"To have and to hold the same, together with all the appurtenances thereunto belonging, unto the party of the second part, their heirs and assigns forever. And the said party of the first part hereby covenants with the said party of the second part that she will warrant the title to the property hereby conveyed unto said party of the second part and their heirs and assigns forever.

"In testimony Whereof, the party of the first part has hereunto subscribed her name the day and year aforesaid.

her
Sally   X   Deavors
mark
"Attest: Martha J. Deavors"

Sally Deavors died in 1904, without having exercised the power reserved in the deed to sell the land before her death. She left surviving her the three children, W. T., Victoria and Martha. Victoria died intestate in 1925, without ever having had children. Martha died childless in 1950, but she left a will in which she devised "all of my properties" to her stepson, Dewey Dills. W. T. is still living, and he has had only the one child, the appellee Earl Deavors.

In 1910, following the death of Sally in 1904, the three children made a voluntary partition of the tract of land into three parts, and executed warranty deeds to each other, purporting to convey fee-simple title to the partitioned parcels. These deeds must be given some effect in the final disposition of the case, as presently will be shown.

One of the contentions of the appellant is that the 1892 deed was testamentary in character and, not having been executed according to the formalities required of a will, it was void. It is unnecessary for us to decide this question, because the construction we place on the deed will give the same result here as if the deed were held void.

As we view the case, the controlling question is whether, in providing for a remainder, after the life estates of the three children, to "their" bodily heirs, the grantor meant the respective bodily heirs of each child, determined as of the death of each child, or the bodily heirs of all three, as a group or class to be determined upon the death of all three children. If she meant the former, then upon the death of any of the three children without bodily heirs, there would be an undisposed-of remainder interest in one-third of the tract, which would pass by intestate succession from Sally to her heirs. Since the three children were her only heirs, any of the three dying without bodily heirs would, coincident with death, become vested with the fee-simple remainder interest in one-third of the tract, and the fee-simple interest thus could be devised by will. Letcher's Trustee v. Letcher, 302 Ky. 448, 194 S.W.2d 984.

So, if Sally meant to provide for a remainder to the bodily heirs of each child, upon the respective deaths of each child, there would be the following result:

1. Upon the death of Victoria, childless and intestate, in 1925, a one-third interest in the tract, in fee, passed by inheritance from her to Martha and W. T., in equal shares. In view of the partition deeds executed in 1910, this one-third interest consisted of the parcel partitioned to her.

2. Upon the death of Martha, childless, in 1950, she had power, by her will, to devise the interest she had inherited from Victoria, plus an additional one-third interest, in fee, which became vested in her at death by inheritance from Sally. Again, this one-third interest, by virtue of the partition deeds, consisted of the parcel partitioned to her. Accordingly, Martha's will would pass to Dewey Dills all of the parcel partitioned to Martha, and one-half of the parcel that had been partitioned to Victoria.

3. W. T. would own the fee in one-half of the parcel that had been partitioned to Victoria, and a life estate in the parcel that had been partitioned to him, with Earl having a remainder interest in the latter parcel.

It appears to be the prevailing rule that where land is conveyed or devised to several persons for life and at "their death" to "their" children or bodily heirs, the phrase "their death" will be read "their respective deaths" and the phrase "their children" or "their bodily heirs" will be read "their respective children" or "their respective bodily heirs". Annotation, 16 A.L.R. 123; 57 Am.Jur., Wills, sec. 1315, p. 870.

We find nothing in the deed from Sally Deavors to her children to indicate clearly that Sally intended the remainder to go to the bodily heirs of all three children, as a class, after the death of all three children. The deed provides no gift over,

upon the death of any of the children without issue, as was the case in Walters v. Crutcher, 15 B.Mon. 2, 54 Ky. 2. In the circumstances, we think the general rule hereinbefore stated must be applied, with the result hereinbefore indicated.

We consider it unnecessary to pass upon the validity of the clause of the deed prohibiting a sale of the land "unless they can agree and sell to each other", because no proposed sale of the land is involved here. However, it is clear that if the clause is invalid as an unreasonable restraint on alienation, see Chappell v. Frick Co., 166 Ky. 311, 179 S.W. 203; Carpenter v. Allen, 198 Ky. 252, 248 S.W. 523, only the clause itself is void, and not the rest of the deed. Lindsay v. Williams, 279 Ky. 749, 132 S.W. 2d 65.

The judgment is reversed, with directions that it be set aside and that another judgment be entered in conformity with this opinion.