**Eileen CAUDLE et al., Appellants,**

v.

**Eva Mae SMITHER et al., Appellees.**

Court of Appeals of Kentucky.

April 26, 1968.

---

William M. Johnson, Frankfort, for appellants.

Allen Prewitt, Sr., Richard Prewitt, Prewitt & Prewitt, Joseph J. Leary, Clifford E. Smith, Sr., Smith, Reed, Yessin & Davis, Frankfort, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court declaring void a trust instrument signed on August 7, 1957, by Alex Smither, Sr., and his wife, Eva Mae Smither. The circuit court's decision rested upon the finding that the trust provisions of the instrument constituted an unreasonable restraint on the alienation of certain property.

The property involved in this controversy is a 160-acre tract acquired on May 3, 1947, by Alex Smither, Sr., and his wife and George McDonald and his wife, each couple being conveyed an undivided one-half interest with survivorship. This prop-erty is located near the city of Frankfort, Kentucky, and soon after its acquisition it became valuable for both commercial and residential purposes.

To speed the development of this property Smither and his wife on August 7, 1959, conveyed their undivided one-half interest to George McDonald, as trustee. The trustee was authorized to hold, manage, lease, rent, sell and convey all or any part of the real estate. Sales could be made by the trustee in the exercise of his sole judgment and discretion. However, by the terms of the trust it was necessary *that the trustee include George McDonald's individual interest in the property* each time the trustee leased or sold any part of the Smithers' interest in the property. Smither retained the right to receive the entire net proceeds of the trust during his lifetime and after Smither's death the trustee was directed to semiannually distribute the net proceeds derived from the lease or sale of the property as follows: ⅑ to Smither's wife, Eva Mae; ⅑ to each of his seven named grandchildren, and ¹⁄₁₈ to each of two named grandchildren, issue of a deceased child. In the event of the death of any of the named distributees leaving issue, the issue took the parent's share and if without leaving issue, the others named took pro rata.

Provision was made in the instrument creating the trust for the appointment of a successor trustee. The grant in trust was in terms absolute. No termination date was fixed and the habendum stated "To Have and to Hold the above described property unto the party of the second part, his successor or successors, and assigns forever, * * *." No power was given the trustee to borrow money or to mortgage the trust res.

Alex Smither, Sr., died testate January 30, 1966. All the named remaindermen survived him. There has been no development of the subject property and no sale of it. However, a small portion of it has been taken for public roads and a water tank.

There is only about $6,800 in cash in the trust. Approximately $43,000 in Federal Estate and Gift Taxes is owing and must be paid. According to the trustee at least $100,000 would be required to begin the construction of necessary roads, water, sewer and gas lines. The trustee was of the opinion that no profitable sales or leases could be made without providing those utilities. The trustee refuses to sell his interest in the subject property unless substantial sums are expended to develop it.

Only three of the named beneficiaries of the trust have the means to pay their fractional part of taxes and the costs of development. They desire to retain their interests in the trust property. The other beneficiaries want to sell their interests. Accordingly, all the named remaindermen have entered into an agreement to terminate the trust and they have sought in this action, as alternative relief, permission to do so if this court holds the trust to be valid. However, since we are upholding the circuit court's conclusion that the trust instrument is void, obviously, we do not reach the question of whether the beneficiaries may, by agreement among them, terminate the trust.

Appellant urges that the settlor's whole scheme was to provide for the early development of the property as a unit so that the settlor and the beneficiaries of the trust would receive the benefits of George McDonald's skill and judgment. With regard to the terms of the trust requiring the trustee to include his individual interest in the property each time he sells part of the trust res, it is contended that this condition or restriction should not be construed as an unreasonable restraint on alienation because it applies only during McDonald's lifetime and cannot apply to a successor trustee. It is urged that the restriction placed upon the property was a prudent and a reasonable one since it could exist no longer than McDonald's life.

Appellees contend that the restrictive terms of the trust are not personal to McDonald and that they restrain the alienation of the property for an indefinite time. They urge that theoretically the restraint could continue forever since the trust instrument provides for the appointment of a successor trustee whose obligations and duties with respect to the management of the trust would be the same as those assigned to George McDonald. Appellees claim that restrictive terms of the trust clearly demonstrate the intention of the donor to prohibit forever the lease or sale of his interest in the property unless George McDonald includes in each transaction his individual interest in the property. They point to Winn v. William, 292 Ky. 44, 165 S.W.2d 961, and cases reaching a similar result, wherein the court voided a provision of a will creating a committee to settle differences between the testator's son and daughter and their children. In holding that the provision created an unreasonable restraint upon the alienation of the real estate the court, in pertinent part said:

"We dispose of the statement in the first paragraph that testator did not want his income-producing real estate sold 'unless the committee hereafter thinks best.' Perhaps the testator had in mind the arbitrators later provided for the purpose of deciding any disagreement between the children of both his children as to the division of the estate when they had died, or the limited 'balance,' or maybe any disagreement as to any part of his will. If it be so regarded, then the statement is an effort to restrain the alienation of the title for an indefinite time, or at least during the lifetime of testator's children. This is regarded as an unreasonable period and repugnant to the ownership of a fee and, therefore, void. Harkness v. Lisle, 132 Ky. 767, 117 S.W. 264; Kentland Coal & Coke Company v. Keen, 168 Ky. 836, 183 S.W. 247, L.R.A.1916D, 924; Thurmond v. Thurmond, 190 Ky. 582, 228 S.W. 29; Courts v. Courts' Guardian, 230 Ky. 141, 18 S.W.2d 957. * * *."

In this jurisdiction, prior to 1960, the rule against restraints on alienation was set forth in KRS 381.220 as follows:

"The absolute power of alienation shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

During the 1960 term of the Kentucky General Assembly, Senate Bill 180 was enacted and it repealed KRS 381.220 and substituted the common law rule against perpetuities with certain modification. However, the 1960 Act, now compiled in KRS 381.215–381.223, does not govern the instant case because the trust we are concerned with was established prior to 1960. See KRS 381.223.

Some of our cases say that KRS 381.220, and its predecessor, was intended as an enactment of the common law rule against perpetuities. It has been applied to private trusts, Sanford's Adm'r v. Sanford, 230 Ky. 429, 20 S.W.2d 83, and the common law rule embraces personal property. Ford v. Yost, 299 Ky. 682, 186 S.W. 2d 896, 162 A.L.R. 149. The test of invalidity is that of the possibility of remote vesting of estates rather than the probability. Curtis v. Citizens Bank & Trust Co. of Lexington, Ky., 318 S.W.2d 33; Ford v. Yost, supra. In the latter cited case we said that the "technical alienability or the power of a trustee to sell and convey the particular property for investment is not enough to escape the statute [KRS 381.-220] for the proceeds wear the same fetters of restraints. 41 Am.Jur., Perpetuities and Restraints on Alienation, Secs. 21, 85. The invalidity of the final postponement of the gift of the corpus carries with it the invalidity of the trust as a consequence."

The rule against restraints on alienation is an entirely different rule from the rule against perpetuities. Taylor v. Dooley, Ky., 297 S.W.2d 905; see Perpetuities Law in Action, Ch. 6, pp. 114–127 by Professor Jesse Dukeminier. In this treatise it is pointed out that the rule against restraints is a rule against direct restraints on alienation, whereas the rule against perpetuities prohibits restraining the alienation indirectly by creating nonvested interests. Commonly the grantee is ascertained and his interest is vested, but they are unimportant matters under this rule. The important question is whether or not he is expressly restrained from conveying the property.

In the instant case the trustee cannot sell or lease the trust res *unless George McDonald simultaneously sells or leases his own individual interest in the property.* In the event that McDonald resigns or becomes incapacitated, the successor trustee as we read the terms of the trust, has no power to lease or sell the trust res unless the same disposition is made of McDonald's individual interest in the property. There is a distinct possibility that McDonald will not lease or sell his individual interest and such a shackle will prevent the property from being leased or sold.

There is the possibility that the restraint will permanently prevent the trustee from conveying, or otherwise disposing of the trust res. There is no provision for the termination or settlement of the trust, but only for the beneficiaries to receive the net proceeds derived from the use, lease or sale of the property. We conclude that the restriction requiring McDonald to include his own individual interest in the property each time the trustee leases or sells the trust res violates the rule against unreasonable restraint on the alienation of the property and that the instrument setting up the trust is void.

The judgment is affirmed to the extent it holds the trust instrument to be void.

WILLIAMS, C. J., and MONTGOMERY, MILLIKEN, PALMORE and OSBORNE, JJ., concur.

HILL and STEINFELD, JJ., dissent.

EDWARD P. HILL, Judge (dissenting).

I am convinced from the evidence in this case that Smither reposed great confidence in the integrity and judgment of McDonald. There is nothing unreasonable in expressing that confidence in his trust instrument. I respectfully dissent. I would hold that the trust is valid until the death or disability of McDonald.

STEINFELD, J., joins in the views herein expressed.