Dorris Ray MELTON, and Betty MELTON, his wife; Jerry C. Melton, and Barbara Melton, his wife, Appellants

v.

Larry G. MELTON, and Faye Melton, his wife; Barbara Ann Parish, and Omar Parish, her husband; Frieda Sandefur, and Douglas Sandefur, her husband; Martha Jean Lang, and Francis Lang, her husband Appellees.

No. 2006–CA–001032–MR.

Court of Appeals of Kentucky.

April 20, 2007.

392

William R. Whitledge, Madisonville, KY, for Appellants.

Harry L. Mathison Henderson, KY, for Appellees Larry G. Melton; Faye Melton; Martha Jean Lang; and Francis Lang.

Joe A. Evans, III, Madisonville, KY, for Appellees Barbara Ann Parish; and Omar Parish.

Stephen M. Arnett, Morganfield, KY, for Appellees Frieda Sandefur; and Douglas Sandefur.

Before THOMPSON and VANMETER, Judges; PAISLEY,[1] Senior Judge.

*OPINION*

VANMETER, Judge.

Appellants Dorris Ray Melton, Betty Melton, Jerry C. Melton, and Barbara Melton appeal from a partial summary judgment entered by the Webster Circuit Court finding that a clause in an unrecorded instrument did not constitute an unreasonable restriction on the alienation of property. We affirm.

The parties are the six children of Dorris Melton and Ruby A. Melton, plus the children's spouses. After both parents died testate in the fall of 1987, the six children inherited undivided fee simple interests in certain real property. On November 10, 1988, all six children entered into an unrecorded instrument which described the numerous tracts of land inherited from their parents, purported to transfer the tracts to themselves, and provided:

> None of the Second Parties, nor their heirs or devisees, shall sell or convey said property to anyone, except to one or more of the Parties of the Second Part, or the survivors thereof, for a period of twenty-one (21) years following the death of the first of the Second Parties to die, without the written consent of the Second Parties, or the survivors thereof. Upon the death of the last of the Second

1. Senior Judge Lewis G. Paisley, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Parties to die, this limitation on the right to sell and convey said property shall terminate.

(Hereafter referred to as the "clause.") In June 2005, the two appellant siblings and their spouses filed a complaint for the sale of real estate, asserting that the clause "was an unreasonable restraint on the alienation of the land held in fee by the parties, and thus, such clause is void." Appellants urged the court to direct the sale of the property and equally divide the proceeds, and they requested an accounting of the estate assets from appellee Larry Melton. Appellees filed various responses denying that the clause constituted an unreasonable restraint on the alienation of land, and a counterclaim was filed seeking an accounting of estate assets from appellant Jerry Melton. After reviewing the case law and noting that "ALL of the Plaintiffs joined in the agreement at the time of its making[,]" the court found that the clause was not ambiguous and that the restraint on the property's alienation was reasonable. The court granted appellees' motion for a partial summary judgment, and this appeal followed.

■ Appellants contend that the trial court erred by finding that the clause did not create an unreasonable restraint on the sale of the property. We disagree.

■ A question involving the construction of a deed or contract is a question of law that will be decided by the court and, unless there is ambiguity, the parties' intentions must be discerned from the four corners of the instrument. *See Camenisch v. City of Stanford,* 140 S.W.3d 1 (Ky.App.2003); *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.,* 94 S.W.3d 381 (Ky. App.2002); *Dennis v. Bird,* 941 S.W.2d 486 (Ky.App.1997). Kentucky's highest court stated in *Three Rivers Rock Co. v. Reed Crushed Stone Co.,* 530 S.W.2d 202, 205 (Ky.1975), that "[t]he common-law rule against restraint on alienation was designed to prevent the taking from the owner of the power to alienate property." As noted by the trial court, the prevailing rule in Kentucky is that a restraint on the alienation of property may be imposed and enforced if the restraint is for a reasonable period of time. *Robertson v. Simmons,* 322 S.W.2d 476 (Ky.1959); *Kentland Coal & Coke Co. v. Keen,* 168 Ky. 836, 183 S.W. 247, 248 (1916). The determination of reasonableness may turn on whether the restraint permanently prevents the conveyance of property. *See Caudle v. Smither,* 427 S.W.2d 227 (Ky.1968). Thus, in *Hutchinson v. Loomis,* 244 S.W.2d 751 (Ky.1951), our highest court held that a restraint on alienation was reasonable when it existed only for the lifetime of the grantor. As stated in *Citizens Fidelity Bank and Trust Co. v. United States,* 209 F.Supp. 254, 258 (W.D.Ky.1962), "[i]t is settled that the owner of property may absolutely restrain its alienability, either in its own hands or in the hands of a grantee, for the balance of his (the owner's) life."

Unlike the typical case involving restraints on alienation, here the restraints were imposed by the party grantors upon themselves rather than upon other grantees. *Compare Robertson,* 322 S.W.2d 476, and *Hutchinson,* 244 S.W.2d 751, and cases cited therein. There was no suggestion that the parties engaged in any wrongful or fraudulent behavior when entering into the unrecorded instrument, and the clause specifically provided for its own termination, either twenty-one years after the first sibling's death or upon the last sibling's death. Hence, the restraint on alienation was not permanent, and we agree with the trial court's finding that it was reasonable. *Caudle,* 427 S.W.2d 227. The trial court therefore did not err by finding that the clause was enforceable,

*Robertson,* 322 S.W.2d 476, and by entering partial summary judgment to that effect. Having reached this conclusion, we need not address the remaining issues raised on appeal.

The court's partial summary judgment is affirmed.

ALL CONCUR.